IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUSTIN EZRA JONES ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00002 |
| ) | Campbell/Holmes |
| ROBIN CHAPPELL *et al*. ) | |

TO:   Honorable William L. Campbell, Jr., Chief United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 20, 2024 (Docket Entry No. 14), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Justin Ezra Jones ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit on January 2, 2024, while an inmate within the Tennessee Department of Correction ("TDOC"). He seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated at the Dickson County Jail ("Jail") prior to his incarceration within TDOC. Upon initial review of the lawsuit, the Court found that Plaintiff stated an arguable legal claim against two nurses at the Jail and directed him to return completed service packets for the defendant so that process could issue. *See* Docket Entry No. 14 at 3. Plaintiff was given 30 days from entry of the Court's Order to return the completed service packets. *Id*.

After several months passed without completed service packets being returned and without any other contact from Plaintiff, the Court directed Plaintiff to show cause why the case should not be dismissed. *See* Order entered September 25, 2024 (Docket Entry No. 15). Plaintiff did not respond. However, TDOC filed a letter with the Court stating that Plaintiff had been paroled on

September 6, 2024, *see* Docket Entry No. 16, so the Court issued a second show cause order to Plaintiff at the non-institutional address for him provided by TDOC and gave him a deadline of November 15, 2024, to show cause why the action should not be dismissed. (Docket Entry No. 17.) Plaintiff has not responded to the show cause order.

Rule 4(m) requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants have not been served with process within the time set out in Rule 4(m), this action is properly dismissed.

It is also well-settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return completed service packets, failure to provide a change of address notice, and failure to stay engaged in his lawsuit upon his release from TDOC indicate that he has lost interest in the lawsuit.

The case cannot proceed with an absent plaintiff. Although the Court recognizes that Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge